UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD WILLIAMS, | Civil Action No. 17-6672 (ES) (MAH) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF UNION, et al., | |
| Defendants. | |

This matter having come before the Court by way of pro se Plaintiff's motion for default judgment as to Defendants County of Union, Union County Prosecutor Office, and Julie A. Peterman [D.E. 17] and a cross-motion for an extension of time to answer by Defendants Julie A. Peterman and the Union County Prosecutor Office [D.E. 18];

and the County of Union having filed an opposition to Plaintiff's motion for default judgment [D.E. 19];

and the Court having considered the motions, the record, and the governing law;

and the Court deciding the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

and it appearing that default was never entered against Defendants, and accordingly, Plaintiff is unable to convert entry of default into a motion for default judgment;

and it also appearing, that in any event, Plaintiff cannot obtain either entry of default or default judgment against the County of Union in light of the motion to dismiss filed by the County September 29, 2017 [D.E. 6];

and the Court noting that even if default had been entered against Defendants Julie A. Peterman and the Union County Prosecutor Office, Federal Rule of Procedure 55(c) provides, in part, that the court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b);"[1]

and the decision to set aside an entry of default being primarily left to a court's own sound discretion, *see United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984);

and courts disfavoring default because "the interests of justice are best served by obtaining a decision on the merits," *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 173 (E.D. Pa. 2000); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194-95 ("We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'");

and the United States Court of Appeals for the Third Circuit requiring that courts consider the following four factors when deciding to vacate the entry of default: (1) whether lifting the default would prejudice plaintiff; (2) whether defendant has a *prima facie* meritorious defense; (3) whether defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions, *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987);

and, even though courts weigh all four factors, the threshold question is generally

---

[1] Out of an abundance of caution, the Court will enter into an analysis regarding whether entry of default should be vacated.

whether Defendant asserts a meritorious defense, *see $55,518.05 in U.S. Currency*, 728 F.2d at 195;

and the Court finding that Defendants have asserted potentially meritorious defenses;[2]

and the Court also finding that vacating any entry of default will not prejudice Ronald Williams;[3]

---

[2] Whether defendant asserts a meritorious defense is traditionally the most important factor. *See Paris v. Pennsauken Sch. Dist.*, No. 12-7355 (NLH/JS), 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013). Meritorious defenses require more than general denials of the pending claims; indeed, a defendant must "set forth with some specificity the grounds for his [or her] defense." *Harad v. Aetna Casualty & Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988). Typically, a party establishes a meritorious defense where "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *see also World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012). However, the Court is not required to resolve legal issues. *See Emcasco*, 834 F.2d at 74. Rather, a proffered defense is sufficient if it is not facially unmeritorious. *See id.*

Plaintiff brings a civil rights action against Defendants pursuant to 42 U.S.C. § 1983, asserting claims against Defendants for the alleged destruction of DNA evidence in a state criminal case brought against him. Compl., June 9, 2017, D.E. 1.

In their cross-motion to deny default judgment and extend time to answer, Defendants maintain that they have meritorious defenses to Plaintiff's civil rights allegations. Brief in Support of Cross-Motion to Deny Default Judgment and Extend Time to File Answer, Dec. 27, 2017, D.E. 18-2, at 7. Specifically, Defendants argue that they are entitled to absolute prosecutorial immunity and qualified immunity, and that Plaintiff's claims are barred by the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine. *Id.* If Defendants' defenses are established before or at trial, they are likely to be meritorious, and not technical or frivolous. Accordingly, this factor weighs heavily in favor of vacating default. The Court engages in this analysis solely in the context of weighing whether to vacate default, and takes no position on whether Defendants will ultimately succeed on his defenses.

[3] Courts have explained that prejudice "only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *See Paris*, 2013 WL 4047638, at *3. Prejudice does not exist here for a several reasons. First, Defendants filed their motion to deny default judgment nine days after Plaintiff filed his motion. D.E. 17,

and the Court further finding that even if Defendants had defaulted it was not due to any culpable conduct;[4]

and the Court further finding that it need not impose alternative sanctions;

and therefore the Court concluding that good cause exists to set aside any entry of default;

**IT IS on this 8th day of January, 2018,**

**ORDERED** that pro se Plaintiff's motion for default judgment as to Defendants County of Union, Union County Prosecutor Office, and Julie A. Peterman [D.E. 17] is **denied**; and it is further

**ORDERED** that the cross-motion for an extension of time to answer by Defendants Julie A. Peterman and the Union County Prosecutor Office [D.E. 18] is **granted**, and it is further

---

18. The Court does not find this to be an unreasonable amount of time to make such a motion. Second, the Complaint was filed only four months ago and discovery has not yet begun in this matter. Therefore, permitting Defendants to file an answer at this time is not likely to prejudice Plaintiff.

[4] In general, culpable conduct includes "actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting that culpable conduct includes acts "intentionally designed to avoid compliance with court notices [and reckless] disregard for repeated communications from plaintiffs and the court."). There is no allegation or evidence of bad faith on the part of Defendants in failing to file an answer in a timely manner. Indeed, Defendants explain that they did not respond in a timely nature due to the internal processes the State must engage in before agreeing to represent a Defendant in litigation. Brief in Support of Cross-Motion to Deny Default Judgment and Extend Time to File Answer, Dec. 27, 2017, D.E. 18-2, at 7. Based on this record, the Court cannot find either bad faith or any other culpable conduct from Defendants' failure to answer in a timely manner. *See, e.g., Emcasco*, 834 F.2d at 75 (finding excusable neglect where defendant filed an answer six months after the due date). Thus, because Defendants' failure to answer in a timely manner appears inadvertent, this factor also weighs in favor of vacating default.

**ORDERED** that Defendants shall file their Answer on or before **February 9, 2018**.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**