**Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **RONALD WILLIAMS,** | Civil Action No. 17-6672 (ES)(MAH) |
| Plaintiff, | |
| v. | OPINION |
| **COUNTY OF UNION, et. al.,** | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court are two motions to dismiss filed by Defendants County of Union, Union County Prosecutor's Office and Assistant Prosecutor Julie Peterman ("Defendants"). (D.E. Nos. 6, 22). The Court has considered the parties' submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78(b). For the following reasons, the Court GRANTS Defendants' motions.

## I. Background

### A. Prior State-Court Proceeding[1]

In 2005, Plaintiff was convicted of first-degree robbery, third-degree aggravated assault, receiving stolen property, joyriding, and multiple weapons possession charges, for a gas station robbery committed in 2003. *See State v. Williams*, A-2175-11T4, 2014 WL 941155, *1 (N.J.

---

[1] *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 151 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").

Super. Ct. App. Div., Mar. 12, 2014). Plaintiff was tried jointly with two co-defendants.[2] *Id.* at *1. Plaintiff testified in his own defense that he had been with his co-defendants on the night of the robbery, but that he was unaware of, and did not participate in, the robbery. *Id.* at *2. Plaintiff's conviction was affirmed on direct appeal, but remanded for resentencing pursuant to *State v. Pierce*, 902 A.2d 1195 (NJ 2006). *Id.* On remand, Plaintiff was resentenced to the original sentence of thirty years, six months, with an eighty-five percent parole disqualifier applicable to two of the terms imposed. *Id.*

Plaintiff subsequently filed a petition for post-conviction relief ("PCR"), which was denied. *Id.* In his appeal of the PCR denial, Plaintiff raised, *inter alia*, a due process claim on the basis of the prosecutor's alleged refusal to have a ski mask seized at the time of his arrest examined for DNA. *Id.* The Appellate Division rejected this claim, determining that Plaintiff did not provide sufficient evidence to support his allegation that the ski mask was wrongfully destroyed. *Id.* The Appellate Division opined that the only supporting evidence Plaintiff provided was a letter from the assistant prosecutor which provided as follows:

> You have also asked if the ski mask was ever examined for DNA analysis. I do not have any documentation that indicates that it was. I believe that it was not submitted for DNA analysis.

*Id.*

### B. The Instant Case

The Court discusses Plaintiff's allegations in more detail in its analysis, and thus, only provides a procedural overview of the instant case here. On July 13, 2017, in the wake Plaintiff's unsuccessful efforts for post-conviction relief in state court, Plaintiff filed a complaint against multiple John Doe defendants, the County of Union, Union County Prosecutor's Office, and

---

[2] A third co-defendant, As'samad Rosebrough, pled guilty to first-degree robbery in advance of trial. *See Williams*, 2014 WL 941155 at *1.

Assistant Prosecutor Julie Peterson. (D.E. No. 1-1). Plaintiff's requests "jury trial, attorney fees, injunctive and declaratory relief from Union County." (D.E. No. 1-1 at 10). Further, Plaintiff requests compensatory and punitive damages from all Defendants. (*Id.*).

On September 1, 2017, Defendants removed the action to this Court pursuant to 28 U.S.C. §1446(b)(1) and 28 U.S.C. § 1331. (D.E. No. 1). Subsequently, Defendant Union County filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 6). Defendants the Union County Prosecutor's Office and Julie Peterman also filed a separate motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. No. 22). Plaintiff filed oppositions to both motions. (D.E. Nos. 12 and 23).

The Court subsequently ordered supplemental briefing from Defendants addressing Plaintiff's policy argument against Defendant Union County, and Plaintiff's destruction of evidence argument against Defendants Union County Prosecutor's Office and Julie Peterman. (D.E. No. 30). Defendants filed the requested supplemental briefing on August 2, 2018. (D.E. No. 34). Plaintiff filed a reply on September 17, 2018. (D.E. No. 35).

## II. Legal Standard

### A. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In assessing a Federal Rule of Civil Procedure 12(b)(6) motion, "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But a reviewing court does not accept as true the complaint's legal conclusions. *See Iqbal*, 556 U.S. at

678 ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.").

"[A] court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.") (citations and internal quotation marks omitted).

Further, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations and internal quotation marks omitted). "The Court need not, however, credit a *pro se* plaintiffs 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

**B.     Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, 1) the violation of a right secured by the Constitution or laws of the United States and, 2) that the alleged deprivation

4

was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**III.     Analysis**

In his Complaint, Plaintiff first alleges that Defendant Peterman alongside unidentified John/Jane Doe defendants "committed fraud on the court" and maliciously deprived the plaintiff due process by working in concert and inducing subordinates into "unlawfully destroying DNA evidence, specifically in this case the ski mask. . . ." (D.E. No. 1-1 at 7-8). Plaintiff elaborates that the alleged fraud was committed in violation of New Jersey law. (*Id.* at 9). Plaintiff also alleges that "Union County-New Jersey and Union County Prosecutor's Office inadequate policies and customs deprived plaintiff due process and equal protection of the law." (*Id.* at 8). Particularly, Plaintiff alleges Defendants failed to create policies that protect DNA evidence involved in a Superior Court proceeding from being destroyed, such as the ski mask. (*Id.* at 8-9). Lastly, Plaintiff alleges that Defendant "Peterman committed official misconduct pursuant to New Jersey Statute Title 2C:30-1 thru 6 of the Code of Criminal Justice, by knowingly, purposefully wantonly, wrecklessly [*sic*] with constructive knowledge destroyed known DNA evidence." (*Id.* at 9).

In relevant part, Defendants Peterman and Union County Prosecutor's Office argue that Plaintiff's claims must be dismissed under *Heck v. Humphrey*, 512 U.S. 474 (1994). (*see* D.E. No. 22-2 at 13-16). Because the Court finds this argument to be dispositive of Plaintiff's § 1983 claims against all Defendants, the Court does not reach the Defendant's other arguments.

**A.     *Heck* Bar**

Under *Heck*, "a prisoner does not have a cognizable § 1983 claim, even if he or she does not seek relief from the fact or duration of confinement, for alleged unconstitutional conduct that

would invalidate his or her underlying sentence or conviction unless that conviction has already been called into question." *Grier v. Klem*, 591 F.3d 671, 677 (3d Cir. 2010). The *Heck* Court provided that in order to determine whether a § 1983 claim should be dismissed as an impermissible collateral attack on an underlying conviction: "[a] district court must consider whether a judgment in favor of the plaintiff would necessary imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

*Heck* involved a state voluntary manslaughter conviction, where the petitioner filed suit in federal court under 42 U.S.C. § 1983 alleging that the prosecutors and investigator knowingly destroyed exculpatory evidence that could have proven petitioner's innocence. *Heck*, 512 U.S. at 479. *Heck* sought compensatory and punitive damages. *Id.*

The Supreme Court ruled that a prisoner does not have a cognizable right under § 1983 for alleged constitutional conduct that would render his underlying conviction or sentence invalid, unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

Here, Plaintiff is a state prisoner seeking compensatory and punitive damages for Defendants' failure to preserve a ski mask. (D.E. No. 1-1 at 7). Plaintiff's Complaint does not address the ski mask's relevance or what effect its preservation and subsequent DNA analysis would have on Plaintiff's conviction. (*See generally* D.E. No. 1-1). Plaintiff's Complaint provides: "the plaintiff's attorney informed defendant Peterman on Agust [sic] 24, 2004, at or around November 2007, and August 12, 2005 that DNA evidence needed to be preserved." (*Id.* at

7). Plaintiff does not allege that the ski mask had already been analyzed for DNA by any of the parties. Therefore, this Court will liberally construe Plaintiff's claim to mean that the results of the ski mask's analysis would have had some exculpatory value, which would have undermined his conviction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's claim falls squarely within the purview of claims *Heck* and its progeny aim to bar in § 1983 cases. *See Miller v. Commonwealth of Pennsylvania*, 588 F. App'x 96, 97 (3d Cir. 2014) (holding that state prisoner's § 1983 claim concerning an alleged failure to preserve exculpatory evidence that could have proven his innocence was barred by *Heck*). Plaintiff does not allege that his conviction has been revised, expunged, invalidated, or called into question by the issuance of a writ of habeas corpus. *See* (D.E. No. 1-1); *Heck*, 512 U.S. at 487. Thus, Plaintiff's claims of due process and equal protection clause violations are not cognizable under § 1983. Consequently, his Complaint must be dismissed for failure to state a claim *without prejudice*. *See Ortiz v. New Jersey State Police*, No. 17-3095, 2018 WL 4232061, at *5 (3d Cir. Sept. 6, 2018) (noting that claims barred by *Heck* "are dismissed for failure to state a claim upon which relief may be granted rather than for lack of subject matter jurisdiction" and must be dismissed without prejudice).[3]

### B. Plaintiff's Remaining State Law Claims

Finally, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining alleged violations of New Jersey state law. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- the district court

---

[3] To the extent Plaintiff alleges a malicious prosecution claim, it is also barred by *Heck. See Ortiz v. New Jersey State Police*, No. 17-3095, 2018 WL 4232061, at *3 (3d Cir. Sept. 6, 2018) ("Claims for malicious prosecution or false imprisonment arising from the prosecution, arrest, and imprisonment that led to a plaintiff's conviction are clear examples of Heck-barred claims, because success on those claims requires showing unlawful prosecution or imprisonment.")

7

has dismissed all claims over which it has original jurisdiction."). Under 28 U.S.C. § 1441(c)(2), the Court may remand the state law claims to the state court. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("While § 1367(c) does not specify what disposition the district court is to make of state claims it decides not to hear, based on the teachings of *Carnegie-Mellon*, we believe that in a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice.") (citations omitted). Therefore, the Court remands the state law claims to the Superior Court of New Jersey, Union County.

**IV.    Conclusion**

For the foregoing reasons, the Court grants Defendants' motions to dismiss for failure to state a claim. The Court DISMISSES Plaintiff's § 1983 claims *without prejudice* as barred by *Heck* and REMANDS the remaining state law claims to the Superior Court of New Jersey, Union County. An appropriate Order accompanies this Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**